

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

UNITED STATES OF AMERICA
V.

ELAINE ROBERTSON CIONI,
a/k/a Presentence Report lists an alias not included on the Indictment,
Defendant.

Case Number: 1:08CR00239-001

USM Number: None assigned

Defendant's Attorney:
Pro Se for sentencing; Nina Ginsberg, Esquire for trial.

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts 1, 2, 4, 5 and 6 of the Superseding Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. 371 | Conspiracy | Felony | March 10, 2008 | 1 |
| 18 U.S.C. 2, 1030(a)(2)(C) and (c)(2)(B)(i) | Computer intrusion | Felony | March 10, 2008 | 3 |
| 18 U.S.C. 2, 1030(a)(2)(C) and (c)(2)(B)(i) | Computer intrusion | Felony | March 10, 2008 | 4 |
| 47 U.S.C. 223(a)(1)(C) | Harassing phone calls | Felony | May 30, 2008 | 5 |
| 18 U.S.C. 2, 2701(a)(1), (a)(2) and (b)(1)(A) | Unlawful access to stored information | Felony | April 25, 2007 | 6 |

The Court has dismissed Count 3 of the Superseding Indictment on oral motion of the United States prior to voir dire.

As pronounced on March 6, 2009, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 6th day of March 2009.

/s/
Gerald Bruce Lee
United States District Judge

Gerald Bruce Lee
United States District Judge

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Defendant's Name:   ELAINE ROBERTSON CIONI
Case Number:        1:08CR00239-001

## IMPRISONMENT

The defendant is hereby committed into the custody of the United States Bureau of Prisons to be imprisoned for a total term of: FIFTEEN (15) Months as to each of Count 1, 3, 4, 5 and 6 of the Superseding Indictment, these terms to run concurrently with one another for a total custody sentence of FIFTEEN (15) MONTHS.

The defendant is remanded into the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
   DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Defendant's Name: ELAINE ROBERTSON CIONI
Case Number: 1:08CR00239-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: TWO (2) Years as to each of Counts 1, 3, 4, 5 and 6 of the Superseding Indictment, these terms to run concurrently with one another for a total supervised release term of TWO (2) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess or use a controlled substance. Unless mandatory drug testing is waived, the defendant shall submit to one drug test within 15 days of release from custody and periodic drug tests thereafter, as determined by the Court.

The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any special conditions of supervision.

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days before any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or as an agent of a law enforcement agency without the permission of the Court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A - Supervised Release

Defendant's Name: ELAINE ROBERTSON CIONI
Case Number: 1:08CR00239-001

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a mental health program as directed by the Probation Officer.
2) The defendant shall waive all rights of confidentiality regarding mental health treatment in order to allow the release of information to the Probation Officer and authorize communication between the Probation Officer and the treatment provider(s).
3) The defendant shall exhibit uniform good behavior.
4) The defendant shall obtain and maintain gainful employment.
5) The defendant must not contact any of the victims and/or Long & Foster victims by email or telephone.
6) The defendant must not have any Internet access without computer monitoring software to restrict and/or record any and all activity on any computer to which defendant shall have access.
7) The defendant must not remove any computer monitoring software installed by the Probation Officer or the Probation Office.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Defendant's Name: ELAINE ROBERTSON CIONI
Case Number: 1:08CR00239-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| 3 | $100.00 | $0.00 | $0.00 |
| 4 | $100.00 | $0.00 | $0.00 |
| 5 | $100.00 | $0.00 | $0.00 |
| 6 | $100.00 | $0.00 | $0.00 |
| TOTALS: | $500.00 | $0.00 | $0.00 |

No fines have been imposed in this case.

The Court waives the cost of prosecution, incarceration, and supervised release.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

Defendant's Name: **ELAINE ROBERTSON CIONI**
Case Number: **1:08CR00239-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment or fine by the United States.